IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **KENDALL BRUMBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 1:08CV298 |
| | ) | |
| **TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion of Defendant Trans Union LLC ("Trans Union") to dismiss the Complaint filed by *pro se* Plaintiff Kendall Brumby ("Brumby"). (Docket No. 4.) Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6), contending that the Complaint fails to state a claim upon which relief can be granted. Plaintiff has filed a response in opposition to the motion, and Defendant has filed a reply. The motion to dismiss is ready for a ruling.

**The Complaint**

Plaintiff Brumby's *pro se* Complaint is styled, "Complaint, Illegal, Negligent & Fraudulent Debt Collection Practices," and is headed, "Demand for Verification by Affidavit of Kendall Brumby." (Docket Nos. 1, Notice of Removal, Ex. A; Docket No. 8, Complaint.) In the Complaint, Plaintiff "moves for the Court to order Defendant to provide Verification" regarding ten separate credit accounts. He alleges that "Defendant is reporting INCORRECT information on [his] TransUnion credit report." He says the accounts listed

in the Complaint are not in fact his accounts and that Trans Union cannot provide verification of the accuracy of the reports. He alleges that under 15 U.S.C. § 1692g(b) the Defendant is required to verify and validate all debt. He states that Trans Union has not provided him with a copy of debt verification as is required by 15 U.S.C. § 1692g(a)(4) which provides, in part, "and a copy of such verification or judgment will be mailed to the consumer." He also cites Section 1692g(b) regarding the duty of a debt collector to cease collection of the debt until the debt collector obtains verification of the debt. Plaintiff alleges that Defendant has "never stopped reporting incorrect information to [his] credit report and willfully damaged [him] by breaking the law." He asks that the Court order Defendant to correct the information it is reporting and to remove the specified accounts from his credit report. (Complaint, 1-2.)

**Standard of Review**

Defendant Trans Union seeks dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is intended to test the legal sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). In order to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974. In deciding a motion to dismiss under Rule 12(b)(6), the court's review is limited to the Complaint and those documents attached to the Complaint or incorporated therein by reference.

**Discussion**

On review, the Court finds that Plaintiff Brumby's Complaint fails to allege a legally cognizable claim. Plaintiff alleges that Defendant violated a number of sections of the Fair Debt Collection Practices Act, a statute codified at 15 U.S.C. § 1692a, *et seq.* ("FDCPA"). It is unnecessary to identify and address each of these claims in detail, however, because Plaintiff's claims under the FDCPA fail for a single fundamental reason: Defendant is not a debt collector as defined by the federal statute, and the FDCPA applies only to debt collectors. *See* 15 U.S.C. § 1692(e); *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000); and *Johnson v. MBNA Am. Bank, N.A.*, No. 1:05CV00150, 2006 WL 618077, n.10 (M.D.N.C. 2006).

The FDCPA makes it unlawful for debt collectors to use abusive tactics to collect debts. 15 U.S.C. § 1692, *et seq*. The FDCPA defines "debt collector" as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed

-3-

or due another." *Id.* § 1692a(6). Plaintiff makes no allegation that Defendant Trans Union has attempted to collect debts from Plaintiff that are owed to another person or entity. Because Plaintiff's own allegations indicate that Defendant was not a debt collector, but was instead a consumer reporting agency, Plaintiff's FDCPA claims fail as a matter of law.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket No. 4) be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 13, 2008